# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **INDICTMENT** |
| Plaintiff, | Criminal No. 22-133  (RAM) |
| v. | Violations: |
| | 46 U.S.C. §§ 70503(a)(1) & 70506(b) |
| | 18 U.S.C. § 2 |
| **[1] JEREMY RODRIGUEZ-SANTANA,** | 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), |
| **[2] ELIEZER VARGAS-MARTINEZ,** | 846, 960(b)(1)(B) |
| | 18 U.S.C. § 924(c)(1)(A) |
| Defendants, | Forfeiture: |
| | 21 U.S.C. §§ 853 |
| | 46 U.S.C. § 70507 |
| | 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) |
| | (Five Counts) |

RECEIVED AND FILED
CLERK'S OFFICE USDC PR
2022 MAR 31 PM 6:54

**THE GRAND JURY CHARGES:**

### COUNT ONE
**Conspiracy to Possess with Intent to Distribute a Controlled Substance Aboard a Vessel Subject to the Jurisdiction of the United States**
46 U.S.C. §§ 70503(a)(1) & 70506(b) and 21 U.S.C. § 960(b)(1)(B)

Beginning on an unknown date, no later than March 22, 2022, and continuing up until the return of the instant indictment, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

**[1] JEREMY RODRIGUEZ-SANTANA,**
**[2] ELIEZER VARGAS-MARTINEZ,**

the defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other, and with other diverse persons, to commit an offense defined in 46 U.S.C. § 70503, to wit: to knowingly and intentionally possess with intent to distribute five (5) kilograms or more of a mixture or

substance containing a detectable amount of cocaine, a Schedule II controlled substance, aboard a vessel subject to the jurisdiction of the United States. All in violation of 46 U.S.C. §§ 70503(a)(1), & 70506(b), and 21 U.S.C. § 960(b)(1)(B).

## COUNT TWO
**Possession with Intent to Distribute a Controlled Substance**
**Aboard a Vessel Subject to the Jurisdiction of the United States**
46 U.S.C. § 70503(a)(1), 21 U.S.C. § 960(b)(1)(B) and 18 U.S.C. § 2

On or about March 22, 2022, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

**[1] JEREMY RODRIGUEZ-SANTANA,**
**[2] ELIEZER VARGAS-MARTINEZ,**

the defendants herein, aiding and abetting each other and other persons, did knowingly and intentionally possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, aboard a vessel subject to the jurisdiction of the United States. All in violation of 46 U.S.C. § 70503(a)(1), 21 U.S.C. § 960(b)(1)(B) and 18 U.S.C. § 2.

## COUNT THREE
**Conspiracy to Possess with Intent to Distribute a Controlled Substance**
21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846

Beginning on an unknown date, no later than March 22, 2022, and continuing up until the return of the instant indictment, in the District of Puerto Rico and within the jurisdiction of this Court,

**[1] JEREMY RODRIGUEZ-SANTANA,**
**[2] ELIEZER VARGAS-MARTINEZ,**

the defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with each other, and with diverse other persons, to commit an offense against the United States, to wit: to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a

detectable amount of cocaine, a Schedule II controlled substance. All in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and 846.

## COUNT FOUR
**Possession with Intent to Distribute a Controlled Substance**
21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and 18 U.S.C. § 2

On or about March 22, 2022, in the District of Puerto Rico, and within the jurisdiction of this Court,

**[1] JEREMY RODRIGUEZ-SANTANA,
[2] ELIEZER VARGAS-MARTINEZ,**

the defendants herein, aiding and abetting each other and other persons, knowingly and intentionally possessed with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance. All in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and 18 U.S.C. § 2.

## COUNT FIVE
**Possession of a Firearm in Furtherance of a Drug Trafficking Crime**
18 U.S.C. § 924(c)(1)(A), and § 2

On or about March 22, 2022, in the District of Puerto Rico and within the jurisdiction of this Court,

**[1] JEREMY RODRIGUEZ-SANTANA,**

the defendant herein, aided and abetted by persons known and unknown to the Grand Jury, did knowingly possess a firearm, specifically: one (1) loaded Glock pistol model 19x, 9mm caliber, serial number BWBG426, in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States. All in violation of 18 U.S.C. §§ 924(c)(1)(A), and 2.

(space intentionally left blank)

3

## **FORFEITURE ALLEGATIONS**
21 U.S.C. §§ 853 and 46 U.S.C. § 70507

### MARITIME DRUG LAW ENFORCEMENT

1. The allegations in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 46 U.S.C. § 70507.

2. The United States gives notice to the Defendants charged in Counts One and Two of this Indictment that pursuant to 46 U.S.C. § 70507, upon conviction of those offenses alleged in those Counts, any property described in 21 U.S.C. § 881(a), that is used or intended for use to commit, or to facilitate the commission of, those offenses is subject to forfeiture.

### NARCOTICS

1. The allegations contained in Counts Three and Four of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853.

2. Pursuant to 21 U.S.C. § 853, upon conviction of any of the offenses alleged in Counts Three or Four of this indictment, the defendants shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. This property includes but is not limited to the following:

   a. A 21 Feet Sea Fox vessel with PR Registration # PR 3331FF and Hull Serial # LYGJA318A101.

3. If any of the property described above, as a result of any act or omission of the defendant:

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred or sold to, or deposited with, a third party;

4

    c.      has been placed beyond the jurisdiction of the court;

    d.      has been substantially diminished in value; or

    e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

(space intentionally left blank)

## FIREARMS FORFEITURE ALLEGATION
18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)

The allegations contained in Count Five are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

Upon conviction of the offense in violation of 18 U.S.C. § 924(c)(1)(A), as set forth in Count Five of this Indictment, Defendant shall forfeit to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the commission of the offense, including, but not limited to: (1) loaded Glock pistol model 19x, 9mm caliber, serial number BWBG426; a 9mm Glock pistol magazine; and a total of nineteen (19) rounds of 9mm caliber ammunition.

All pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

TRUE BILL.

W. STEPHEN MULDROW
United States Attorney

_____
Max J. Perez-Bouret
Assistant United States Attorney, Chief
Transnational Organized Crime Section

FOREPERSON

Date: March 31, 2022

_____
Vanessa E. Bonhomme
Assistant United States Attorney, Deputy Chief
Transnational Organized Crime Section

_____
Antonio L. Perez-Alonso
Assistant United States Attorney
Transnational Organized Crime Section